Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Lili Chin*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LILI CHIN, | : | Case No. |
| | : | |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| | : | |
| SHOPKO STORES OPERATING CO., LLC, | : | |
| JO-ANN STORES, LLC, | : | |
| EVERYTHING LEGWEAR, LLC, | : | |
| and DOES 1-10, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |
| | : | |

Plaintiff Lili Chin, by her attorneys Kushnirsky Gerber PLLC, for her complaint against

defendants Shopko Stores Operating Co., LLC ("Shopko"), Jo-Ann Stores, LLC ("Jo-Ann"),

Everything Legwear, LLC ("Everything Legwear"), and Does 1-10 (together, "Defendants")

alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This lawsuit is being filed by an independent artist to enforce her rights and

protect her livelihood against the unlawful actions of large corporations selling unauthorized

clothing items that infringe her original, copyrighted illustrations.

2.      Plaintiff Lili Chin is a well-known illustrator who makes a living selling her

illustrations in the form of posters and art prints and licensing her illustrations for use on clothing

and other products.  Ms. Chin is best known for her original, stylized illustrations of various breeds of dogs.

3.      In 2015, *Dogs of the World*, a painstakingly researched catalog of more than 250 breeds of dogs illustrated in Ms. Chin's signature style, achieved viral success online, appearing on dozens of websites like BuzzFeed, Boing Boing, and Io9.  *Dogs of the World* has proven so popular that Ms. Chin sells a wide range of clothing, accessories, and artwork featuring illustrations from *Dogs of the World* and is currently working on publishing *Dogs of the World* as a physical book.

4.      *Dogs of the World* organizes dog breeds by national or continental origin. One page of *Dogs of the World*, featuring dog breeds originating in Wales, is pictured below (the "Original Work").



5.      In an effort to prevent infringement, Ms. Chin places conspicuous copyright management information at the bottom of many of her works, including the Original Work. Ms.

Chin applied for and received a federal copyright registration for *Dogs of the World*, which includes the Original Work, in 2014.

6.      In late 2016, fans of Ms. Chin's art notified her that Defendants Shopko and Jo-Ann were selling at least six separate types of socks featuring copies of dog illustrations from the Original Work (collectively, the "Infringing Socks").  None of the defendants – Shopko, Jo-Ann, or Everything Legwear – ever attempted to contact Ms. Chin to inquire about a license, despite the fact that Ms. Chin's website contains copious, clear information about the copyrights in her works, the Creative Commons license for non-commercial use of certain of her works, and instructions for contacting her to inquire about commercial licensing.

7.      The Infringing Socks feature near-identical copies of the Pembroke Corgi illustration from the Original Work.  Four of the six versions of these socks are shown below.

 

 

8.      The dog images on the Infringing Socks were copied directly from the Original Work, presumably traced over and slightly modified.  The Infringing Socks were so popular that, after they sold out via direct retail channels, they were being resold through secondary market websites like Etsy and eBay at a considerable markup from retail prices.

9.      Defendant Shopko has continued to display at least one of the Infringing Socks on its website, continuing its willful infringement of Ms. Chin's copyrighted works.

10.     Ms. Chin asserts claims for copyright infringement, intentional removal of copyright management information and intentional distribution of false copyright management information under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. (the "Copyright Act"), and unfair competition under the common law.  She seeks damages, injunctive relief, and recovery of her costs and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

11.     This is an action for copyright infringement under the Copyright Act, intentional

removal of copyright management information and intentional distribution of false copyright

management information under the United States Copyright Act and unfair competition under

the common law.  The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28

U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.     The Court has personal jurisdiction over all Defendants pursuant to N.Y. C.P.L.R.

§§ 301 and 302.

13.     Defendant Shopko Stores Operating Co., LLC is a limited liability company

based in Green Bay, Wisconsin that does continuous and systematic business in New York and

in this District and ships a significant number of goods to consumers in this District purchased

through its e-commerce website.  Shopko regularly does or solicits business in New York;

derives substantial revenue from goods used or services rendered in New York; expects or

reasonably should expect its infringing conduct to have consequences in New York; and derives

substantial revenue from interstate commerce.   Shopko generated $3.2 billion in sales in its most

recent fiscal year, operates over 360 stores in 25 states, and sells products through its e-

commerce site to customers throughout the United States.

14.     Defendant Jo-Ann Stores, LLC is a limited liability company based in Hudson,

Ohio that does continuous and systematic business in New York and in this District; operates

several retail locations in this District; and operates an e-commerce website through which it

ships a significant number of goods to consumers in this District.  Jo-Ann regularly does or

solicits business in New York; derives substantial revenue from goods used or services rendered

in New York; expects or reasonably should expect its infringing conduct to have consequences in

New York; and derives substantial revenue from interstate commerce.  Jo-Ann is the nation's

largest fabric and craft retailer, with more than 790 stores in 49 states and revenue of $2.4 billion in 2016.

15.     Defendant Everything Legwear, LLC is a limited liability company based in Fayetteville, Arkansas and maintains a showroom in this District.  Everything Legwear does continuous and systematic business in New York and in this District and ships product to retailers and consumers in New York and in this District.  Everything Legwear has transacted business in New York and contracted to supply goods or services in New York in connection with the matters giving rise to this lawsuit.  It has also committed acts outside of New York that caused injury to Plaintiff within New York; regularly does or solicits business in New York; derives substantial revenue from goods used or services rendered in New York; expects or reasonably should expect its infringing conduct to have consequences in New York; and derives substantial revenue from interstate commerce.

16.     Defendants Does 1-10 is a reference to entities whose identities are unknown to Plaintiff at this time.  In connection with the named Defendants and their activities described herein, Does 1-10 have designed, manufactured, distributed, advertised, offered for sale and/or sold the Infringing Socks, and continue to do so.  Plaintiff believes that information obtained in discovery will lead to the identification of the true identities and locations of Does 1-10 and permit Plaintiff to amend this Complaint and to state the same.

17.     Plaintiff Lili Chin is an individual who resides in Los Angeles, California.  Ms. Chin owns the copyright in *Dogs of the World* and received federal copyright registration number VA/0001923757 for *Dogs of the World*, which includes the Original Work, more than a year before the infringing acts alleged herein.

18.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business, may be found, and are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I.     Artist Lili Chin and the *Dogs of the World* Artwork

19.     Ms. Chin is well known for her distinctive illustrations of dogs, which have appeared everywhere from World Health Organization outreach campaigns to publications like *Scientific American* and dog enthusiast websites like BarkPost.  Several of Ms. Chin's works have proven especially popular, finding audiences around the world.  In 2011, her infocomic poster *Doggie Language* achieved viral success on the internet, appearing on dozens of popular blogs and websites.

20.     Building on the initial success of *Doggie Language*, Ms. Chin went on to create numerous other dog illustrations, including *Dogs of the World*, which features more than 250 breeds of dogs illustrated in Ms. Chin's signature style. *Dogs of the World* also achieved significant popularity, appearing on mainstream websites like BuzzFeed, Boing Boing, and Io9. *Dogs of the World* has proven so popular on the internet that Ms. Chin is currently working on publishing it as a physical book.  As a result of the success and fame of works like *Dogs of the World*, Ms. Chin has become one of the most well-known dog illustrators in the world and runs her own successful business utilizing her original artistic creations.

21.     Ms. Chin hosts her dog illustrations on her website *Doggie Drawings*, located at doggiedrawings.net, where she also sells a variety of merchandise and clothing featuring her original designs.  For more popular items, Ms. Chin partners with authorized licensees to produce official merchandise.  Her original illustrations can be found on clothing, jewelry, posters, cards, magnets, bags, phone cases, and other goods.  A dog owner and activist, Ms. Chin donates a portion of the proceeds from many of her sales to various dog rescue organizations.

22.     Posters featuring individual pages from *Dogs of the World*, including the Original

Work, are available for sale on Ms. Chin's website.  Conspicuous copyright management

information, consisting of Ms. Chin's name and website address, is featured on the bottom of the

Original Work.  There is also a "©2014-2015 Lili Chin" copyright notice on each of the pages of

her website that host these posters.  Ms. Chin obtained a copyright registration covering the

Original Work in 2014.  For those wishing to license her images, Ms. Chin's name and contact

information are displayed prominently on her website and in her federal copyright registrations.

23.     Independent artists like Ms. Chin rely on licensing revenues from their artwork.

This is especially true for authentic items which Ms. Chin already sells herself, such as clothing.

The ability of artists to license and control the commercial use of their artwork is critical for their

careers and livelihoods, and is a key right bestowed on artists under the Copyright Act.  Ms.

Chin's artwork is her livelihood, her passion, and her sole source of income.

## II.     Defendants' Infringement and Unfair Competition

24.     In November 2016, Ms. Chin noticed that several online Corgi fan groups were

posting photographs of the Infringing Socks.  Ms. Chin learned that the Infringing Socks were

being sold by Defendants Shopko and Jo-Ann in their stores and through their e-commerce

websites.

25.     The Infringing Socks were wildly popular and quickly sold out at many Shopko

and Jo-Ann retail locations.  In fact, the Infringing Socks were so popular and sold out so quickly

that they were subsequently being resold through Etsy and eBay at a considerable markup from

retail prices.

26.     The Infringing Socks were designed in-house by Everything Legwear and feature

near-identical copies of Corgi illustrations from the Original Work.  It is readily apparent that the

dog images on the Infringing Socks were copied directly from the Original Work, presumably traced over and slightly modified.

27.     Defendant Everything Legwear sold the Infringing Socks to Defendants Shopko and Jo-Ann for resale.  Defendants Shopko and Jo-Ann promoted and advertised the Infringing Socks by posting images of the Infringing Socks on their websites.  Despite being notified of the existence of the Infringing Socks and receiving a formal legal demand several months ago, Defendant Shopko's website still features an image of one of the Infringing Socks, continuing its willful infringement of Ms. Chin's registered copyright.

28.     Defendants' infringement of the Original Work has been willful.  None of the Defendants – Everything Legwear, Shopko, or Jo-Ann – ever attempted to contact Ms. Chin to inquire about a license, despite the fact that Ms. Chin's website contains clear information about the copyrights in her works and instructions for contacting her to inquire about commercial licensing.

29.     Ms. Chin sells clothing items that feature her artwork from the Original Work, and Defendants have marketed and sold clothing items featuring infringing copies of Ms. Chin's artwork.  Defendants have willfully misappropriated Ms. Chin's labor, skill, and expenditures on her own clothing and other goods that feature her artwork, and have done so intentionally and in bad faith.  Consumers viewing the Infringing Socks and seeing the infringing copies of Ms. Chin's artwork thereon are likely to be confused as to the origin of these goods, and are likely to mistakenly believe that Ms. Chin is somehow affiliated with or associated with these goods when in fact she is not.

30.     Defendants have unlawfully benefited from this willful infringement and unfair competition with Ms. Chin.  Defendants' infringement of the Original Work began well after Ms. Chin obtained federal copyright registrations in that work.

31.     In the process of unlawfully creating, copying, and distributing the Infringing Socks without the consent, permission, or authority of Ms. Chin, Defendant Everything Legwear intentionally removed the copyright management information that Ms. Chin placed on the Original Work.  Defendants Shopko and Jo-Ann intentionally replaced Ms. Chin's copyright management information with their own on the Infringing Socks.

32.     Ms. Chin has been significantly damaged by these unlawful uses of the Original Work, and she has been forced to file this Action in order to protect her rights and her livelihood.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.**
**(Against All Defendants)**

33.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above, and incorporates them herein by this reference.

34.     Plaintiff is the legal owner of all right, title, and interest in the Original Work. Plaintiff is the legal owner of the copyright in that work.

35.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Work without the consent, permission, or authority of Plaintiff.

36.     Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of sections 106 and 501 of the Copyright Act.

37.     Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

38.     As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

39.     As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

40.     Plaintiff is entitled to her actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504. Plaintiff may also elect, at any time before final judgment is rendered, to receive statutory damages in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

41.     Defendants will continue to willfully infringe Plaintiff's rights in the Original Work unless restrained by the Court.  Plaintiff is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

**SECOND CLAIM FOR RELIEF**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(b)**
**(Against Defendant Everything Legwear)**

42.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 41 above, and incorporates them herein by this reference.

43.     The Original Work includes conspicuous copyright management information at the bottom, which is conveyed in connection with such work and protected under 17 U.S.C. § 1202(b).

44.     In the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Socks without the consent, permission, or authority of Plaintiff, Defendant Everything Legwear intentionally removed Plaintiff's copyright management information from the Original Work.

45.     Defendant Everything Legwear created and sold unauthorized copies of portions of the Original Work with the intent and knowledge that copyright management information had been intentionally removed therefrom.

46.     Defendant Everything Legwear intentionally removed Plaintiff's copyright management information and distributed the Infringing Socks with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

47.     Defendant Everything Legwear engaged in these activities without the consent or authorization of Plaintiff.

48.     Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Socks, damages, costs, and attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

### THIRD CLAIM FOR RELIEF
### FALSE COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(a)
#### (Against Defendants Shopko and Jo-Ann)

49.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 above, and incorporates them herein by this reference.

50.     Defendants Shopko and Jo-Ann knowingly provided false copyright management information in connection with the Infringing Socks.  Specifically, Defendants Shopko and Jo-Ann placed their own branding on the packaging for the Infringing Socks and conveyed new, false titles in connection with the Infringing Socks.

51.     Defendants Shopko and Jo-Ann intentionally and knowingly distributed false copyright management information in connection with the Infringing Socks.

52.     Defendants Shopko and Jo-Ann knowingly provided such false copyright management information and distributed such false copyright management information in connection with the Infringing Socks with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

53.     Defendants Shopko and Jo-Ann engaged in these activities without the consent or authorization of Plaintiff.

54.     Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the Infringing Socks, damages, costs, and attorneys'

fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

### FOURTH CLAIM FOR RELIEF
### UNFAIR COMPETITION – COMMON LAW
### (Against All Defendants)

55.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 54 above, and incorporates them herein by this reference.

56.     Defendants have sold and are selling clothing items featuring infringing copies of Ms. Chin's artwork.  Ms. Chin herself sells items of clothing featuring her artwork, and licenses her artwork to others for use on clothing and other goods.

57.     In doing so, Defendants have willfully misappropriated Ms. Chin's labor, skill, and expenditures on her own clothing and other goods that feature her artwork, and have done so intentionally and in bad faith.

58.     As a result of Defendants' conduct, Plaintiff has suffered substantial damages, as well as the continuing loss of goodwill and reputation established by her in her marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**WHEREFORE**, Plaintiff Lili Chin demands judgment as follows:

1.     Awarding Plaintiff her actual damages in connection with Defendants' willful copyright infringement;

2.     Awarding Plaintiff her actual damages in connection with Defendants' unfair competition with Plaintiff;

3.      Awarding Plaintiff statutory damages, attorneys' fees, and costs under the Copyright Act;

4.      Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(a), ordering the impounding of the Infringing Socks under 17 U.S.C. § 1203, and awarding Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

5.      Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the impounding of the Infringing Socks under 17 U.S.C. § 1203, and awarding Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

6.      Granting an injunction that permanently restrains and enjoins Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Work or any elements thereof;

7.      Awarding Plaintiff punitive damages against Defendants in connection with their willful infringement and unfair competition;

8.      Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

9.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.


**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:      New York, New York            Respectfully Submitted,
            April 6, 2017
                                          KUSHNIRSKY GERBER PLLC


                                          By: _____
                                          Andrew Gerber (AG 0779)
                                          Ilya Kushnirsky (IK 3899)
                                          andrew@kgfirm.com
                                          ilya@kgfirm.com


                                          27 Union Square West, Suite 301
                                          New York, NY 10003
                                          (212) 882-1320

                                          *Attorneys for Plaintiff Lili Chin*